UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMERICAN MARKETING &
FULFILLMENT, INC.,

                                            Plaintiff,

-against-

INSIDE MARKETING GROUP, LLC,
VINCENT SOTTOSANTI,
                                           Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-05371 (JMA) (ST)

FILED
CLERK
5/21/2021 2:34 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Currently pending before the Court is the motion of plaintiff American Marketing & Fulfillment, Inc. ("Plaintiff") to remand this case back to state court. (ECF No. 6.) For the reasons stated below, the Court remands this action back to state court.

## I. BACKGROUND

Plaintiff commenced this action in the Supreme Court of the State of New York, County of Nassau by filing a summons with notice on August 10, 2020. (ECF No. 6-1.) The summons with notice lists the address of defendants Inside Marketing Group, LLC and Vincent Sottosanti ("Defendants") as 54 Greenleaf Drive, Stamford, Connecticut 06902, and states that venue in Nassau County, New York is "based upon Plaintiff's place of business." (ECF No. 1-1 at 2.) The notice describes the nature of the action, including Plaintiff's claims and damages. The notice states that "Plaintiff is suing for unjust enrichment, breach of contract, breach of the duty of good faith and fair dealing, conversion, negligent misrepresentation, fraud, breach of fiduciary duty, and other related claims in connection with defendants' misappropriation, conversion and theft of not less than $10 million." (Id. at 4.) The parties agree that service of the summons with notice was completed on both Defendants by September 19, 2020. (ECF No. 6 at 2; ECF No. 10 at 1.) The summons with notice was also served with a draft complaint. (ECF No. 14-3.) The draft complaint

noted in relevant part that: (1) Plaintiff is a New York corporation with its primary place of business located in Nassau County, New York; (2) defendant Sottosanti is a citizen of Connecticut; (3) Inside Marketing has its principal place of business in Connecticut; and (4) that Plaintiff's damages for certain claims exceed $5.7 million and the damages for its other claims exceed $10 million. (Id.)

On October 16, 2020, Plaintiff filed its verified complaint in state court, alleging damages "estimated to exceed $10 million" and the same claims identified in the summons with notice. (ECF No. 1-1.) On November 5, 2020, Defendants filed a notice of removal on the basis of diversity jurisdiction. The Notice of Removal alleges that Plaintiff is a New York corporation with its principal place of business in New York, defendant Insider Marketing Group, LLC's principal place of business is in Connecticut and its members are citizens of Connecticut, defendant Sottosanti is a citizen of Connecticut, and Plaintiff's demand is for $10 million. (ECF No. 1.) On November 23, 2020, Plaintiff filed a pre-motion conference letter seeking to remand this action back to state court on the ground that the notice of removal filed by Defendants was untimely. (ECF No. 6.) On November 30, 2020, Defendants filed a letter in response, opposing remand. (ECF No. 10.) On March 12, 2021, the Court entered an order stating that it would construe Plaintiff's pre-motion letter as a motion to remand and instructing the parties to submit any supplemental briefing by March 26, 2021. (Electronic Order, 3/12/2021.) On March 26, 2021, Plaintiff filed a reply in support of its motion to remand and requested costs and expenses, including attorney's fees, related to Defendants' removal. (ECF No. 14.) On March 29, 2021, Defendants submitted a memorandum in opposition, reaffirming their position in their previous letter and opposing Plaintiff's request for costs and expenses. (ECF No. 15.)

## II. DISCUSSION

**A. <u>Motion to Remand</u>**

Pursuant to 28 U.S.C. § 1332(a) "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal of civil actions to federal court is governed by 28 U.S.C. § 1446. See <u>Vitiello v. JTJ Contracting</u>, No. 15-CV-4635, 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016). Pursuant to Section 1446(b), "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446.

A summons with notice filed in New York state court "constitutes an initial pleading for purposes of § 1446(b) if it provides sufficient information for a defendant to ascertain intelligently the basis for removal." <u>Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc.</u>, 133 F. Supp. 2d 197, 203 (E.D.N.Y. 2001); <u>see also</u> <u>Whitaker v. Am. Telecasting, Inc.</u>, 261 F.3d 196, 205 (2d Cir. 2001) (holding that a "summons with notice may serve as an initial pleading under section 1446(b)."). "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." <u>Whitaker</u>, 261 F.3d at 206.

Here, the parties do not dispute that this Court has original jurisdiction over the action under Section 1332(a). Rather, the parties dispute whether Defendants filed their notice of removal

in a timely fashion. Plaintiff argues that the summons with notice, which was served on Defendants by September 19, 2020, provided sufficient information for Defendants to ascertain intelligently the basis for removal. Accordingly, Plaintiff maintains that Defendants' notice of removal, which was filed 47 days later, is untimely. The Court agrees. The summons with notice describes Plaintiff's claims, all of which are brought pursuant to state law, and the amount Plaintiff alleges in damages, "not less than $10 million." It also explains that venue in New York State Supreme Court, Nassau County is based upon Plaintiff's place of business there, and lists Defendants' address as in Connecticut. (ECF No. 6-1 at 2, 4.) Furthermore, Plaintiff served a draft complaint with the summons with notice that clearly states that Plaintiff is a New York corporation with its primary place of business located in Nassau County, New York; that defendant Sottosanti is a citizen of Connecticut; Inside Marketing has its principal place of business in Connecticut; and that Plaintiff's requested damages exceeded $10 million. (ECF No. 14-3.)

In Whitaker, the Court held that "[i]n cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." 261 F.3d at 206. Here, the summons with notice clearly states the amount in controversy, Defendants' address in Connecticut, and that venue in Nassau County, New York is based upon Plaintiff's place of business. The draft complaint further affirms that Plaintiff is a New York corporation with its principal place of business in New York; defendant Sottosanti is a citizen of Connecticut; defendant Insider Marketing has its principal place of business in Connecticut; and that the amount in controversy exceeded $75,000. (ECF No. 14-3.) The Court finds that this information was sufficient for Defendants to ascertain, as of September 19, 2020, that the amount in controversy is at least $10 million and the parties are diverse and, therefore, removal would be proper based on diversity jurisdiction. Cf. MBIA Ins. Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 390 (S.D.N.Y. 2009) (finding that diversity was facially evident from summons with notice

and, thus, defendants were not barred from asserting removal prior to filing of the complaint where summons with notice listed defendants' addresses and stated plaintiffs' principal places of business).

Defendants argue, instead, that they had 30 days from the filing of the verified complaint on October 16, 2020 in which to remove the action, so their notice of removal—filed 20 days later—was timely. In support of this proposition, Defendants cite only to the Supreme Court case, Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), that pre-dates Whitaker. However, in Whitaker, the Second Circuit resolved a split in authority as to whether "the Supreme Court's decision in Murphy Brothers requires a defendant's receipt of the complaint for triggering the removal period." 261 F.3d at 198. The Second Circuit concluded that it did not and that the "history and text of section 1446(b) clearly make the defendant's receipt of 'the initial pleading' the relevant triggering event, which is any pleading (and not necessarily the complaint) containing sufficient information to enable the defendant to intelligently ascertain the basis for removal." Id. The Second Circuit specifically found that "summons with notice may serve as an initial pleading under section 1446(b)." Id. at 205. Therefore, Defendants' argument that, under Murphy Bros., the summons with notice cannot not serve as an initial pleading under Section 1446(b) is without merit and this action is remanded back to state court.

## B. Costs and Expenses

In Plaintiff's reply in support of its motion to remand, Plaintiff requests costs and expenses, including attorney's fees, related to Defendants' removal, which Defendants' oppose. (ECF No. 14, 15.) Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, a seventeen-day delay in filing an otherwise valid notice of removal does not warrant granting cost and expenses. See Mil-Spec Indus. v. Expansion Indus., LLC, No. 15-CV-5108,

2016 WL 1441801, at *2 (E.D.N.Y. Apr. 11, 2016) (denying costs including attorney's fees where "[t]here [was] no dispute that the statutory requirements for invoking the Court's diversity jurisdiction are satisfied in this case, and, had the Notice of Removal been filed one week earlier, no grounds would exist for remanding this case to the state court. Circuit precedent does not support the conclusion that a one-week delay in filing an otherwise valid Notice of Removal warrants the imposition of costs and attorneys' fees.")

Accordingly, the Court declines to grant costs and expenses.

### III. CONCLUSION

For the reasons stated above, the Court remands this action back to the Supreme Court of the State of New York, County of Nassau. The Clerk of the Court is directed to: (1) mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Nassau, pursuant to 42 U.S.C. § 1447(c); and (2) close this case.

**SO ORDERED.**

Dated: May 21, 2021
Central Islip, New York

                     /s/   (JMA)
                     JOAN M. AZRACK
                     UNITED STATES DISTRICT JUDGE